**Refatt Aziz MAHROUS, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 05–76897.**

United States Court of Appeals, Ninth Circuit.

---

[**] This disposition is not appropriate for publication and is not precedent except as provid-

Submitted July 29, 2009.*

Filed Aug. 3, 2009.

John Stephen Glaser, Esq., Manulkin Glaser & Bennett, Fountain Valley, CA, for Petitioner.

CAC—District Counsel, Esq. Office of the District Counsel Department of Homeland Security USLA—Office of the U.S. Attorney Civil & Tax Divisions, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, Leon W. Weidman, Esq., San Francisco, CA, for Respondent.

Before: WALLACE, LEAVY, and HAWKINS, Circuit Judges.

MEMORANDUM **

Refatt Aziz Mahrous, a native and citizen of Egypt, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and will uphold the agency's decision unless the evidence compels a contrary conclusion. *Singh v. Ashcroft,* 362 F.3d 1164, 1168 (9th Cir.2004). We deny in part and grant in part the petition for review.

The record does not compel the conclusion that changed or extraordinary circumstances excused the untimely filing of Mahrous' asylum application. *See* 8 C.F.R. § 1208.4(a)(4), (5); *Ramadan v. Gonzales,* 479 F.3d 646, 656–58 (9th Cir. 2007) (per curiam). Accordingly, his asylum claim fails.

Substantial evidence does not support the agency's denial of Mahrous' withholding of removal and CAT claims on the basis of an adverse credibility determination because the date discrepancies are minor inconsistencies that do not enhance Mahrous' claims, *see Singh,* 362 F.3d at 1171, Mahrous provided detailed testimony regarding the primary incident in which his arm was cut, *see Paramasamy v. Ashcroft,* 295 F.3d 1047, 1052–54 (9th Cir. 2002), the IJ impermissibly relied on speculation and conjecture in determining that Mahrous' attackers would not have fled after cutting him a single time, *see Kaur v. Ashcroft,* 379 F.3d 876, 886 (9th Cir.2004), and the State Department Report does not contradict Mahrous' testimony, *see Zheng v. Ashcroft,* 397 F.3d 1139, 1143 (9th Cir. 2005). Finally, because none of the agency's adverse credibility findings are supported, corroboration is not required. *See Cosa v. Mukasey,* 543 F.3d 1066, 1070–71 (9th Cir.2008) ("[W]here the basis for an adverse credibility finding falls out, the lack of corroborating evidence cannot backstop the decision.").

We grant the petition for review with respect to the withholding of removal and CAT claims, and remand to the BIA on an open record. *See Soto–Olarte v. Holder,* 555 F.3d 1089, 1093–96 (9th Cir.2009); *see also INS v. Ventura,* 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

ed by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.